UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHERHONDA GOLDEN,

                          Plaintiff,

           -v-

NBCUNIVERSAL MEDIA, LLC,

                         Defendant.

22 Civ. 9858 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On October 18, 2024, the Court ordered plaintiff Sherhonda Golden and defendant NBCUniversal Media, LLC ("NBCU") to confer with the goal to agree on a mechanism by which to secure the expedited remand of this case from the Second Circuit to this Court for reconsideration, in light of the decision in *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. 2024). Dkt. 47. On November 22, 2024, Golden and NBCU filed a joint letter setting forth their respective views. Golden prefers issuance of an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1; NBCU opposes that request and prefers for the appeal in this case to proceed notwithstanding the patently consequential decision in *Salazar*. Dkt. 50.

For the reasons set forth below, the Court issues a ruling to the effect that, were the case remanded, it would deny NBCU's motion to dismiss Golden's Video Privacy Protection Act ("VPPA") claim on the basis of *Salazar*.[1]

---

[1] Because the Court dismissed Golden's VPPA claim, which was the sole basis for subject matter jurisdiction, the Court declined to exercise supplemental jurisdiction over, and dismissed, Golden's remaining claim, for unjust enrichment under state law. *See Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'") (citation omitted). The Court's indicative ruling thus does not address the unjust enrichment claim.

1

Rule 62.1 permits a district court to make an indicative ruling on a motion for relief that is otherwise barred by a pending appeal. "The filing of a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 62.1(a), however, provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). In authorizing indicative rulings, the Rule promotes efficiency and the timely resolution of motions that could further the appeal or obviate its necessity. Salient here, one of "[t]he major grounds justifying reconsideration [is] an intervening change of controlling law." *Virgin Atl. Airways, LTD v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

The standards for an indicative ruling are clearly met here. In its September 11, 2024 decision, this Court granted NBCU's motion to dismiss Golden's Third Amended Complaint ("TAC"). Its decision was based in part on—and broadly reasoned in common with—Judge Rochon's reasoning in *Salazar v. Nat'l Basketball Ass'n*, 685 F. Supp. 3d 232 (S.D.N.Y. 2023). Dkt. 44 ("Op."). Specifically, the Court held that Golden's free subscription to Today.com's digital newspaper "that contained hyperlinks to videos on the Today.com website—that non-subscribers could just as easily access on the same website—d[id] not make her a *subscriber to video content*," and thus barred her VPPA claim. Op. at 12 (emphasis in original). In so ruling, however, the Court also recognized that, "[i]n the event the Second Circuit resolves *Salazar* in a

2

manner inconsistent with this decision, Golden may . . . seek an indicative ruling from this Court under Rule 62.1." Dkt. 44 at 13 n.7.

Such has now occurred. In vacating the district court's decision in *Salazar*, the Second Circuit held that "[t]he phrase 'goods or services' in the VPPA is not cabined to audiovisual goods or services, but also reaches the [company's] online newsletter. By alleging that he exchanged personal information in return for periodically receiving the online newsletter, [plaintiff] plausibly pled that he is a 'subscriber of' that newsletter." *Salazar*, 118 F.4th at 544. That holding is consequential here. Golden's TAC alleged that she used her Today.com digital subscription to view videos through its website and mobile application while concurrently logged into her Facebook account,[2] which caused her personal viewing information to be transmitted to NBCU's third-party business partners. Dkt. 38 at 2–5. The TAC has thus plausibly pled that she is a "subscriber of goods and services" pursuant to the VPPA.

Accordingly, were the Second Circuit to remand this case for reconsideration, the Court would withdraw its grant of NBCU's motion to dismiss, based on the Circuit's decision in *Salazar*. The Court would then solicit the parties' views as to next steps, including, from NBCU, whether *Salazar* leaves open any alternative bases for pursuing dismissal.

---

[2] Because Salazar did not adequately plead or preserve his VPPA claim premised on the usage of a mobile application, the Second Circuit did not address whether an app, as opposed to a website, could form the basis of a "subscriber" relationship. *Salazar*, 118 F.4th at 537 n.2. Given the Circuit's conclusion that the exchange of personal information for access demonstrates, at the pleading stage, that one is a "subscriber" under the VPPA, a mobile application would appear similarly to plead a "subscriber" relationship. *Id.* at 552–53 (citation omitted).

3

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: November 27, 2024
       New York, New York

4