

**ZwillGen**  1900 M Street NW, Suite 250  **Phone:** (202) 296-3585
Washington, DC 20036  **Website:** www.zwillgen.com

Benjamin S. Thomassen
(202) 706-5266
ben.thomassen@zwillgen.com

April 17, 2025

*Via ECF*

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Golden v. NBCUniversal Media, LLC*, No. 1:22-cv-09858-PAE
**Joint Letter-Motion to Adjourn Initial Pretrial Conference and Set Amended Schedule**

Dear Judge Engelmayer:

We represent Defendant NBCUniversal Media, LLC ("Defendant") in the above-referenced matter. Defendant and Plaintiff Sherhonda Golden ("Plaintiff") jointly and respectfully move the Court to (i) adjourn the initial pretrial conference set for April 22, 2025, (ii) enter an order withdrawing the Court's order granting Defendant's motion to dismiss Plaintiff's Third Amended Complaint, and (iii) set a schedule for Plaintiff to file an amended complaint and Defendant to file its response thereto. In support of this joint motion, the Parties state as follows.

Following the Second Circuit's decision in *Salazar v. National Basketball Association*, 118 F.4th 533 (2d Cir. 2024), the Court issued an indicative order pursuant to Federal Rule of Civil Procedure 62.1 stating that "were the case remanded [from the Second Circuit, where it was on appeal,] it would deny NBCU's motion to dismiss Golden's Video Privacy Protection Act ('VPPA') claim on the basis of *Salazar*." (Dkt. 51 at 1.) Specifically, the Court stated that upon remand, "the Court would withdraw its grant of NBCU's motion to dismiss, based on the Circuit's decision in *Salazar*. The Court would then solicit the parties' views as to next steps, including, from NBCU, whether *Salazar* leaves open any alternative bases for pursuing dismissal." (*Id.* at 3.) The Second Circuit issued its mandate on January 3, 2025, dismissing Plaintiff's appeal pursuant to Federal Rule of Appellate Procedure 12.1 and returning the case to this Court. (Dkt. 52.)

Given the procedural posture of this case, the Parties respectfully submit that the most efficient path forward would be – as stated in the November 27th Order, (dkt. 51) – for the Court to withdraw its grant of Defendant's motion to dismiss, (dkt. 44), and set a schedule by which Plaintiff would file an amended complaint and Defendant would file its answer or response thereto. The Parties agree that an amended complaint and renewed motion to dismiss briefing will (1) focus the issues before the Court in light of the Second Circuit's *Salazar* decision, (2) allow the parties to address developments in VPPA case law in the time since Defendant's prior motion to dismiss was briefed, and (3) allow the Parties to more thoroughly discuss other case issues associated with the initial pretrial conference, including conferring on an appropriate case schedule and the prospect for settlement. The Parties note that other courts in this district have endorsed a similar path forward in VPPA cases following the Second Circuit's decision in *Salazar* – including in the *Salazar* case itself. *See, e.g., Salazar v. National Basketball Association*, No. 1:22-cv-07935-JLR, dkt. 58 (S.D.N.Y. Nov. 20, 2024) (setting amendment schedule and adjourning conference).

Accordingly, once the Court enters an order withdrawing its decision on Defendant's motion to dismiss (the "Order") the Parties propose the following schedule for the amended complaint and motion to dismiss briefing:

- Plaintiff's amended complaint due: 21 days from the Order

- Defendant's answer or motion to dismiss due: 49 days from the Order

- Plaintiff's opposition brief due: 77 days from the Order

- Defendant's reply brief due: 91 days from the Order

The Parties additionally propose that the Court set an initial pretrial conference for a date at least three weeks after Defendant's answer or motion to dismiss is due.

For all the reasons outlined above, the Parties respectfully request that the Court adjourn the initial pretrial conference scheduled for April 22, 2025; enter an order withdrawing the Court's September 11, 2024 dismissal order; and enter an order approving the proposed schedule for the filing of an amended complaint and an answer and/or motion to dismiss briefing.

> Respectfully submitted,
>
> */s/ Benjamin S. Thomassen*
> Benjmain S. Thomassen (*pro hac vice*)
>
> *Counsel for Defendant NBCUnivseral Media, LLC*
>
> */s/ Michael L. Murphy*_____ (with permission)
> Michael L. Murphy
>
> *Counsel for Plaintiff Sherhonda Golden*

GRANTED. The Court hereby adjourns the initial pretrial conference *sine die* and adopts the parties' proposed briefing schedule. Plaintiff shall file any amended complaint by May 9, 2025. No further opportunities to amend will ordinarily be granted. For the reasons stated by the Court in its indicative ruling and based on the Second Circuit's decision in *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. 2024), Dkt. 51, the Court withdraws its grant of defendant NBCUniversal Media, LLC's motion to dismiss, Dkt. 44.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

April 17, 2025
New York, New York